FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

11 AUG 29 PM 1:03

STEPHEN ~~~~~~ CLERK
U.S. DISTRICT COURT
FOR THE ~~~~~~ DISTRICT

| | |
|---|---|
| Charles M Forgey, | Case # 3:11CV 341 |
| **Plaintiff,** | **PETITION FOR** |
| vs., | **TEMPORARY INJUNCTION** |
| Wendy A. Kitchel, Attorney | |
| **Defendant,** | August 29, 2011 |
| **Defendant Does** 1 through 10. | Judge: _____ |

Comes now Plaintiff, Charles M Forgey, hereinafter referred to as "Petitioner," and moves the court for relief as herein requested:

## PARTIES

1) Plaintiff in the instant, Charles M  Forgey hereinafter referred to as "Principal Plaintiff." Principal Plaintiff can be contacted at 56729 Summit Park Drive, Elkhart Indiana 46516 and may be reached by phone at 574-389-1990, or by email at ChuckForgey@aol.com.

2) Defendant is Attorney, Wendy A. Kitchel, who can be contacted at FOUTTY & FOUTTY, LLP, 155 E Market ST, Suite 605, Indianapolis, Indiana 46204-3219 and may reached by phone at (317-632-9555 and fax at 317-632-9559.

## STATEMENT OF FACTS

3) Defendant initiated a non-judicial foreclosure on the property which is the object of the instant suit.

4) Defendant failed to show proof that Defendant had standing to take said action.

5) Defendant petitioned the Elkhart Superior Court of Indiana, wherein said court entered an order for Sheriff's Sale against Plaintiff.

## FACTUAL ACCUSATION

6) Defendant perpetrated a fraud against Plaintiff by instituting a foreclosure action without standing to take such action.

7) Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by:

    a. using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; 15 USC 1692(e)(2) & (f), and

    b. threating to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)

    c. causing to be sent to Plaintiff, through the United States mail, fraudulent demands for payment for which Defendant had no authority to make.

8) Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraudulent demands for payment from Plaintiff in order to facilitate the herein alleged fraud.

9) Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt that, over the term of the alleged debt would amount to $407,629.23.

10) Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve

the primary purpose of the contract, that of achieving quiet title at completion of the contract.

11)  Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

12)  Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

## REQUEST FOR PRELIMINARY INJUNCTION

13)  There is no adequate remedy at law because once the eviction has taken place Plaintiff will suffer the complete loss of the property as defendant has sold the property to a third party will force Plaintiff to vacate the property. {*See N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); Wilson v. Ill. S. Ry. Co., 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04 (1924); Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89, 879 F. Supp. 719, 725 (W.D. Ky. 1995.*

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that the alleged real party in interest is unable to prove standing to foreclose against and sell the property.

14)  The threatened harm to plaintiff outweighs the harm that a preliminary injunction would inflict on defendant. *Schiavo*, 403 F.3d at 1225-26.

a.  If defendant is temporarily restrained from evicting plaintiff, defendant will benefit as if plaintiff is forced to vacate the property, the property will sit empty for the duration of the instant litigation.

b.  Plaintiff will suffer loss of the use of said property and will lose opportunity to maintain same and defendant will suffer loss by having to maintain an empty property that cannot be insured.

15) Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess.  Adding more will simply increase the burden on local policing agencies as it will create opportunity for vandalism and promote other criminal activity.

16) In Violation of 15 USC 1692e §807(2)(a). Defendant made false representation of the character and legal status of alleged debt.

17) The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as **defendant has scheduled the above referenced Sheriff's Sale for the August 31, 2011.** *First Tech. Safety Sys. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993). If said sale is allowed to take place, Plaintiff will be irreparably harmed. {*See O'Connor's Federal Rules, "Ex parte," ch. 2-D, §3.1.3, p. 77.*}

18) Plaintiff asks the court to set the request for a preliminary injunction for hearing at the earliest possible time.

## CONCLUSION

19)   Plaintiff has filed suit against defendant wherein Plaintiff has valid causes of action against defendant.   For these reasons, plaintiff asks the court to issue a preliminary injunction preventing defendant from foreclosing on the property.

## PRAYER

For these reasons, plaintiff asks that the court do the following:

1. Prevent Sheriff's Sale of property until and unless defendant prevails in the current litigation.

2. Enter judgment for plaintiff.

3. Award costs of court.

4. Grant any other relief it deems appropriate.

Respectfully prepared and submitted by,

Charles M Forgey

# VERIFICATION

I, Charles M. Forgey, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

Charles M Forgey

**State of Indiana**          )
                             ) ss
County of **ELKHART**         )

BEFORE ME personally appeared Charles M Forgey, who, being by me first duly sworn and identified in accordance with Indiana law, did execute the foregoing in my presence this 29th day of August, 2011.

Notary Public

My commission expires: $\underline{10-18-2012}$

David L. Crooks
Notary Public - The State of Indiana
Comm #563238
Elkhart County
Commission Expires October 18, 2012
[Seal]



# CERTIFICATE OF SERVICE

I, **Charles M Forgey**, do swear and affirm that I have served a signed copy of this complaint to any and all defendants by way of PROCESS SERVER on the 29th day of August, 2011.

Wendy A. Kitchel, Attorney
FOUTTY & FOUTTY, LLP
155 E Market ST, Suite 605
Indianapolis, Indiana 46204-3219

Charles M Forgey
56729 Summit Park Drive
Elkhart, Indiana 46516