FILED

11 AUG 29 PM 1:04

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Charles M Forgey,<br><br>**Plaintiff,**<br><br>vs.<br><br>Wendy A. Kitchel,<br><br>**Defendant,**<br><br>**Defendant Does** 1 through 10. | Case # 3:11CV 341<br><br>**PLAINTIFFS' PETITION FOR PRE-LITIGATION DISCOVERY**<br><br>August 29, 2011<br><br>Judge: _____ |

Plaintiff petitions this court for pre-litigation discovery, as authorized by Federal Rule of Civil Procedure 26 D (1&2).

## A. INTRODUCTION

(1)  Plaintiff is Charles M Forgey; defendant is Attorney Wendy A. Kitchel.

(2)  Plaintiff sued defendant for violations of the Fair Debt Collections Practices Act.

(3)  Plaintiff petitions this court for an order granting pre-litigation discovery as per FRCP 26 D (1&2). FRCP 26 D Timing and Sequence of Discovery.

> *(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, <u>**by stipulation, or by court order**</u>.*(emphasis added)
>
> *(2) Sequence.*
>
> <u>*Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:*</u> (emphasis added)

> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its discovery.

(4) Plaintiff has made claims against the Defendant for violations of the Fair Debt Collection Practices act. Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

  a. that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

  b. that Defendant is the true holder of said debt instrument.

(5) Plaintiff herein demands strict verified proof, according to the rules of evidence and the Uniform Commercial Code that Defendant or Defendant represents a client that is the true holder of said debt instrument, by production of the original contract upon which Defendant claims authority to demand payment.

(6) Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

(7) In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

(8) Plaintiff herein demands strict verified proof, according to the rules of evidence that:

    a. Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

    b. Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

    c. That, the alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

(9) In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

(10) In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

(11) Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above

referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

(12) In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

(13) In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

(14) In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

## B. REQUEST IS NOT UNDULY ONEROUS

(15) This request is not an unduly onerous request inasmuch as Defendant is claiming authority to demand payment, therefore Defendant must certainly have proof that they are in fact the proper holder.

(16)   Since the agent is claiming the right to demand payment, surely the agent can show the complete holder-ship/chain of the title from inception to dispute showing Defendant is a bona fide agent of the true holder.

(17)   Plaintiff states each request is not unduly onerous, and requesting Defendants produce said proof is done so in the interest of justice and judicial economy. It is further asked that the court delay any ruling on these issues until this limited discovery can be provided.

## C. CONCLUSION

(18)   Plaintiff petitions this court for an order granting pre-litigation discovery in the form of the proof mentioned above all in the interest of justice and judicial economy.

Respectfully prepared and submitted by,

_____
Charles M Forgey

# VERIFICATION

I, Charles M. Forgey, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

_____
Charles M Forgey

**State of Indiana** )
                                 ) ss
County of **ELKHART** )

BEFORE ME personally appeared Charles M Forgey, who, being by me first duly sworn and identified in accordance with Indiana law, did execute the foregoing in my presence this 29th day of August, 2011.

_____
Notary Public

David L. Crooks
Notary Public - The State of Indiana
Comm #563238
Elkhart County
Commission Expires October 18, 2012
[Seal]

My commission expires: 10-18-2012

## CERTIFICATE OF SERVICE

I, **Charles M Forgey**, do swear and affirm that I have served a signed copy of this complaint to any and all defendants by way of PROCESS SERVER on the 29th day of August, 2011.

Attorney, Wendy A. Kitchel
FOUTTY & FOUTTY, LLP
155 E Market ST, Suite 605
Indianapolis, Indiana 46204-3219

Charles M Forgey
56729 Summit Park Drive
Elkhart, Indiana 46516