UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES M. FORGEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-CV-00341 JD |
| ) | |
| WENDY KITCHEL and Does 1-10, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On August 29, 2011, pro se plaintiff Charles Forgey filed a complaint seeking what appears to be either a temporary restraining order or a preliminary injunction to keep his property from being sold at Sheriff's Sale as ordered by the Elkhart Superior Court [DE 1]. In addition, he makes a series of allegations under federal law, including claims under the Fair Debt Collection Practices Act, and allegations under state law, including claims for common law fraud and intentional/negligent infliction of emotional distress [DE 1]. Mr. Forgey also filed a petition for a temporary injunction, which he characterizes throughout as a "preliminary injunction" [DE 2].

On August 29, 2011, a summons was issued for the only identified Defendant, Attorney Wendy Kitchel [DE 3]. Mr. Forgey indicates that he sent Ms. Kitchel a copy of the complaint and petition for temporary injunction; however, this does not suffice as sufficient proof of service consistent with Rule 4(l) of the Federal Rules of Civil Procedure.

To the extent Mr. Forgey is seeking a temporary restraining order without notice to Ms. Kitchel, he has not complied with the requirement that he indicate the efforts he made to give notice (other than a mailing which was sent only yesterday) and sufficient reason for why notice

should not be required. Fed. R. Civ. Pro. 65(b)(1)(A).  As pled, the Court is unable to conclude that the property to be sold, if sold, would cause immediate or irreparable injury, loss, or damage to Mr. Forgey, before the Defendant can be heard in opposition. Fed. R. Civ. Pro. 65(b)(1)(A). Sheriff's deeds do not immediately issue, and more importantly, Mr. Forgey is not without recourse subsequent to any sale.  While the Court is sensitive to Mr. Forgey's plight, his seeking relief the day before the Sheriff's sale does not provide a basis for this Court to issue a temporary restraining order without notice to the adverse parties.

However, because much of Mr. Forgey's request refers to his wanting a preliminary injunction and a hearing on the matter, the Court will set a briefing schedule and/or hearing on the Plaintiff's motions, if deemed necessary, only after the Plaintiff has provided documented, valid service upon Defendant(s) to the Court, in conformity with Federal Rules of Civil Procedure 4, 5, and 65, and the Court has the means to provide notice to adverse parties of the proceedings as required by the rules.

SO ORDERED.

ENTERED:   August 30, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court