**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

Charles M. Forgey,

         *Plaintiff,*

vs.

Wendy A. Kitchel                             Case No. 3:11CV 341

         *Defendant,*

         Defendant Does 1 through 10


**MEMORANDUM IN SUPPORT OF DEFENDANT
<u>WENDY KITCHEL'S MOTION TO DISMISS</u>**

**<u>SUMMARY OF ALLEGATIONS</u>**

The *pro se* Plaintiff brings this federal lawsuit pursuant to 15 U.S.C. §§ 1692, the Fair Debt Collection Practices Act, (hereinafter, the Act) seeking redress for what he claims were violations of his statutory rights.

Plaintiff filed his *pro se* Complaint on August 29, 2011. Wendy Kitchel is the only named Defendant in the Complaint. Plaintiff makes certain "Factual Accusations" that appear to be conclusory statements and contain no specific factual allegations of alleged incidents or are constituting violations of the Act.

The instant case seems to derive from a State foreclosure action against the Plaintiff. The Defendant, Wendy Kitchel, is a private attorney, working for the firm of Fouty & Fouty, LLP, represented, Accredited Home Lenders, Inc. in the foreclosure suit against Plaintiff Forgey. On February 5, 2009 the Complaint against Forgey was filed in Elkhart County Superior Court Case

No. 20D01-0902-MF-68 (Plaintiff's Petition for Temporary Injunction, ¶3).  Defendant Kitchell requests this Court take judicial notice of Elkhart County Superior Court Case No. 20D01-0902-MF-68 and pleadings filed therein pursuant to Federal Rules of Evidence 201.  This suit was filed on behalf of Accredited Home Lenders, Inc. by attorney Wendy Kitchel.  (See ¶3, Plaintiff's Complaint.) Thereafter, on February 26, 2009, James McCaslin, a private attorney, filed his appearance on behalf of Forgey.  (See Elkhart Superior Court Case No. 20D01-0902-MF-68.)

At all times during the pendency of the State Court foreclosure matter, Forgey was represented by counsel, James McCaslin. (See Exhibit A.)  His answers contained only general denials regarding the amount that was owed to the Plaintiff.  (See Elkhart Superior Court Case No. 20D01-0902-MF-68.)  Ultimately, judgment was entered against Forgey and a decree of foreclosure was issued on December 30, 2009.  (See Exhibit A.)

### **STANDARD OF REVIEW**

A Fed.R.Civ.P. 12(b)(6) motion challenges the legal sufficiency of a Complaint, not its factual basis.  *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 869 (N.D. Ind. 2003).  The Court accepts as true all factual allegations in the Complaint and draws all reasonable inferences from those facts in the Plaintiff's favor.  *Id.*  A motion to dismiss should be granted when "the Plaintiff has failed to allege the appropriate facts under a recognized legal theory."  *Hynek v. MCI World Communications, Inc.*, 202 F. Supp. 2d 831, 832 (N.D. Ind. 2002); (dismissing Plaintiff's Complaint for failure to state a claim).

Surviving a motion to dismiss "requires more than labels and conclusions...Factual allegations must be enough to raise a right to relief above the speculation level."  *Bell Atlantic*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (*citing* C. Wright & A. Miller, Federal Practice

and Procedure § 1216, pp 235-236 (3d ed. 2004)).   The Seventh Circuit confirmed that:

> "*Bell Atlantic*…teaches that a Defendant should not be forced to undergo costly discovery unless the Complaint contains enough detail, factual or argumentative, to indicate that the Plaintiff has a substantial case … The old formula — that the Complaint must not be dismissed unless it is beyond doubt without merit — was discarded by the *Bell Atlantic* decision."  *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008).

Moreover, the Supreme Court in *Twombly* states:

> A Plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factuall allegations must be enough to raise a right to reliefabove the speculative level on the assumption that all of the Complainant's allegations are true.  Applying these general standards…stating a claim requires a Complaint with enough factual matter..asking for plausible grounds does not impose a probability requirement at the pleading stage; …[it requires] that the "plain statement" possess enough heft to show that the pleader is entitled to relief." *Id.*

## ARGUMENT

### A. The Complaint Should Be Dismissed on its Face

The factual basis for any allegations against Defendant Kitchel cannot be discerned from

the Complaint, which is insufficient and should be dismissed based upon the Court's inherent

authority.   "[E]ven *pro se* litigants must provide citations to the law in support of their

contentions, see Fed. R. App. P. 28(a)(9)(A)."  *Boczar v. Kingen*, 6 Fed. Appx. 471, 478-479

(7th Cir. 2001) (citations omitted).   The Court's role is not to construct legal arguments for the

parties.  *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *McCottrell v.*

*EEOC*, 726 F.2d 350, 351 (7th Cir. 1984) (*pro se* litigants "should anticipate that this court may

dismiss an appeal where the brief submitted contains no identifiable argument").

Where a Complaint advances no cognizable argument or facts for recovery against a particular Defendant, the Court may appropriately dismiss the Complaint on its own authority.

**Federal courts are authorized to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious."** 28 U.S.C. § 1915(d). **A Complaint is defined as frivolous when the factual allegations and legal conclusions lack an arguable basis in either law or fact.** *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the Complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "**Because the threshold determination of frivolousness is made on the court's own motion without the benefit of responsive pleadings, the district court's inquiry is extremely limited**." *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). Accordingly, the initial assessment of the factual allegations made in a pro se Plaintiff's in forma pauperis Complaint must be weighed in Plaintiff's favor, *Denton v. Hernandez,* 112 S. Ct. 1728, 1733 (1992) and liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In addition, if it appears that the frivolous factual allegations could have been remedied simply through more specific pleading, a reviewing court should consider whether the district court abused its discretion by dismissing the Complaint. *Denton,* 112 S. Ct. at 1734. **On appeal, Carver claims that the district court erred in dismissing his Complaint as frivolous and requests that we remand the case to permit him to amend his Complaint. We acknowledge that at the time of filing his Complaint Carver was without the benefit of counsel** and may have been unfamiliar with the pleading requirements. Moreover, section 1915 was enacted precisely for the benefit of Plaintiffs in the position of Carver who are unable to afford the costs of commencing an action. In compliance with *Denton*, 112 S. Ct. at 1730, Carver's Complaint was not dismissed before he was given the opportunity to, and, in fact, did supplement his Complaint with more detailed information. (Order Aug. 2, 1990). After determining that the action was frivolous, the court properly dismissed Carver's motion for appointment of counsel as moot. **Because we find no abuse of discretion by the district court, we affirm the dismissal of Carver's civil rights claims as frivolous** under section 1915(d).

*Carver v. Heisner*, 1993 U.S. App. LEXIS 3187, 5-7 (7th Cir. Feb. 24, 1993) (with emphasis).

In reviewing the Complaint in the light most favorable to the Plaintiff, because the Plaintiff makes no allegations that relate with specificity as to facts that are related to what was *actually done* by Kitchel, the Complaint is properly dismissed on the Court's own authority.

> Although the Court is mindful that *pro se* Complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), **a Complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.** *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

*Herbert v. Greencards Office*, 2006 U.S. Dist. LEXIS 50365 (M.D. Pa. July 24, 2006).

Where, as here, the Plaintiff's allegations cannot impose liability on Kitchel under any "recognized legal theories," or upon the ruling on the motion to dismiss presents a purely legal question. The action against Kitchel should be dismissed because Plaintiff's Complaint is legally insufficient to state a claim against her.

### B. The Complaint Fails to State a Cause of Action for Claim of Violation of the Fair Debt Collection Practices Act

To survive a motion to dismiss, a Plaintiff must plead actual facts necessary for relief under a claimed 15 USC 1692 violation. To establish a right to relief under this section, a Plaintiff must plead and prove specific violations, not conclusions as outlined in the Act. In this case, the Plaintiff has made no specific factual allegations related to the accusations of his claimed violations of the Act. In establishing the elements of a claim, a Plaintiff cannot rely on conclusory allegations. *See, e.g., Jennings v. Emry,* 910 F.2d 1434 (7th Cir. 1990). Here, the Plaintiff fails to state any specific allegations that would show that Kitchel did anything beyond represent her client in the State Court foreclosure proceeding which is exempt from liability. In *Stefansson v. Source One Mortgage, etal, U.S. Dist. LEXIS 4458 (2004),* the Court found that the Act specifically excludes from liability the filing of formal pleadings made in connection with a

legal proceeding. In this matter, the issues of which Plaintiff complains occurred during the pendency of the underlying state action and are thus barred under *Steffansson*. Because he failed to state a claim under the Act, Plaintiff's claim must fail.

### C.  Claim Preclusion Requires Dismissal of Plaintiff's Complaint

"Federal Courts must give the same *res judicata* effect that a State Court judgment would be given in the rendering states' courts". *Torres v. Rebarchak*, 814 F.2d 1219 at 1220, (7th Cir. 1987).  An analysis of the preclusive effect of the foreclosure judgment in this case is guided by the fact that Indiana law recognizes both claim and issue preclusion.  Claim preclusion, bars a subsequent action on the same claim between two parties.  To enable claim preclusion, Courts have determined that the following four elements are necessary: 1. a judgment from a court of competent jurisdiction, 2. on the merits, 3. in a suit between the same parties and 4. the matter at issue was, ***or might have been*** determined in the former suit. *Hensley v. Jasper Police Dep't, 163 F. Supp.2d 1006, (S.D. Ind. 2001)*.

Viewing the case at bar in light of *Torres,* the claim against Kitchel is barred.  The United States Supreme Court has supported claim preclusion stating; "…A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that would or could have been raised in that action." *Allen v. McCurry* 449 U.S. 90 (1980) *citing Cromwell v. County of Sac,* 94 U.S. 351, 352 (1877). In his Complaint Plaintiff does not assert that Kitchel took any action outside of the scope of her representation of her client, with whom she has privity, whose claims had already been fully litigated in state court.  Indeed, the United States Congress has required all federal courts to give preclusive effect to state court decisions when that state court would preclude suit: "Judicial proceedings [of any court of any state] shall have the same full

6

faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State…" 28 U.S.C. S 1738 as cited in *Allen v. McCurry,* 449 U.S. 90 (1980).  Because Indiana recognizes issue and claim preclusion, it must apply to this case.

Even though the Plaintiff says the case is a Fair Debt Collection Practices Act claim, close examination reveals it is actually simply an attack on the foreclosure action which has already been decided.  Plaintiff is essentially using this action under the guise of a Fair Debt Collection Practices Act claim to take another bite at the apple regarding the debt that was litigated in state court.  Under any legal analysis, the Plaintiffs claims must fail: the issues complained of have already been addressed in the state court during the pendency of the foreclosure suit against him.

## FEDERAL RULES OF CIVIL PROCEDURE 12(E)

In the event that the Court determines that Plaintiff has met a threshold standard of pleading to avoid dismissal, Defendant requests that pursuant to Fed.R.Civ.P. 12(e) this Court order Plaintiff to provide a more definite statement of facts, of which this Court has the power to do.

## CONCLUSION

The Plaintiff's Complaint should be dismissed as to Defendant Kitchel, without leave to amend.

**WHEREFORE,** Defendant Wendy Kitchel respectfully requests the dismissal of the Complaint against her, or in the alternative that Plaintiff provides a more definite statement, attorney fees and costs, and for all other just and proper relief.

Respectfully submitted,

**HUNT SUEDHOFF KALAMAROS LLP**

Date: October 19, 2011                                   By: /s Philip E. Kalamaros
                                                         Philip E. Kalamaros (#11722-71)

Attorney for Defendant Wendy Kitchel
301 State Street –  P.O. Box 46
St. Joseph, MI  49085
Telephone:  269/983-4405
Telecopier:  269/983-5645
e-mail: pkalamaros@hsk-law.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Philip E. Kalamaros, certify that on the 19th day of October, 2011, I

electronically filed the foregoing with the Clerk of Court using the CM/ ECF system which sent

notification of such filing to all CM/ECF participants of record, and I hereby certify that I have

mailed by United States Postal Service the document to the following non CM/ ECF participant:

Charles M. Forgey
56729 Summit Park Drive
Elkhart, IN 46516

By: /s/    Philip E. Kalamaros
 Philip E. Kalamaros (#11722-71)

8