FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

2011 NOV 10  A 12: 32

U.S. ... CLERK
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| Charles M Forgey, <br><br> **Plaintiff,** <br><br> vs., <br><br> Wendy A. Kitchel, Attorney <br><br> **Defendant,** <br><br> **Defendant Does** 1 through 10. | Case # **3:11 cv 341** <br><br> **Plaintiff's reply brief in opposition to** *"Defendant's Motion To Dismiss ..."* **with Plaintiff's motion to proceed or amend** |

**Charles M Forgey**, (Plaintiff) responds to and asks the Court to deny Defendant' Motion to Dismiss based on F.R.C.P. 12(b)(6).

### PLAINTIFF'S REPLY BRIEF WITH AUTHORITIES

1) The Defendant erroneously fails to see or properly respond to the Plaintiff's suit, which is not remotely connected to his foreclosure, which is a separate State matter. In seeking to dismiss this cause, the Defendant errantly make the baseless claim that the Court lacks jurisdiction to hear this action because *"fails to enumerate facts sufficient to state a claim"*

2) The Defendant seeks exoneration of her Fair Debt Collection Practices Act (FDCPA) violations while enforcing an alleged security instrument.

3) The Plaintiff's action is not directed at preventing a State Court foreclosure; rather Plaintiff's claims are directed at the Defendant's actions related to violations of the FDCPA seeking actual and statutory damages.

4) Plaintiff alleges Defendant Wendy A. Kitchel is a debt collector and is unable to prove agency for either an alleged principal; a viable or valid holder of a note; or an investor, and as such, he is not a protected attorney enforcing a security instrument; rather a debt collector having attempted to collect an unvalidated or false debt.

5) Accredited Home Lenders, Inc. was unable to prove they were the valid holder of a note; or an investor, and as such, the Defendant with the aid of a debt collect attempted to collect an unvalidated or false debt.

6) Plaintiff is prepared to prove at trial Defendant failed or refused to comply with the FDCPA .

7) Plaintiff has ample evidence proving he made efforts to seek validation.

8) Attorneys have a professional duty to validate the claims of their clients before litigation.

9) Had Wendy A. Kitchel thoroughly examined the claims of her alleged client, she could have easily validated the debt she was collecting for her principle as required under the FDCPA.

10) Put simply, the Plaintiff claims that Defendant proceeded without validation and was unable to prove authority to enforce a security instrument.

11) In this instant action, until the Defendant proves agency spanning the entire chain of interested parties and the evolution of the security instruments, her actions are rogue at best and she is without defense for collection of a false or mischaracterized debt which has been misrepresented as to its legal status.

12) The Plaintiff sent request for validation of the debt under the FDCPA to the Defendant.

13) The Plaintiff 'disputed the debt' with the credit bureaus preserving his private right of action.

**ARGUMENT**

1) Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

2) Defendant Wendy A. Kitchel is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and is such until he can prove agency in this forum thought he production of the security instrument allegedly being enforced for any and all parties with an interest throughout its evolution from inception to dispute.

3) The United States Court of Appeals for the Fourth Circuit held that trustees, including attorneys, acting in connection with a foreclosure can be "debt collectors" under the federal Fair Debt Collection Practices Act. *Wilson v. Draper & Goldberg, PLLC, 443 F. 3d 373 - Court of Appeals, 4th Circuit 2006.* The court found that the mortgage payment owed, as well as fees, penalties and interest due, all were "debts" under the FDCPA and, that, contrary to the Defendant' argument, such amounts remained "debts," even after foreclosure proceedings began. The court noted that if the Defendant' argument was accepted, it would have created an *"enormous loophole"* in the FDCPA by removing from its coverage any debt that happened to be secured by an interest in real property and for which foreclosure proceedings were used for collection.

4) The court rejected the Defendant' argument that they were not acting in connection with a *"debt"* as defined by the FDCPA. The court found that the mortgage payment owed, as well as fees, penalties and interest due, all were *"debts"* under the FDCPA and, that,

contrary to the Defendant' argument, such amounts remained *"debts,"* even after foreclosure proceedings began.

5) The court also rejected the Defendant' argument that, even if they were collecting a *"debt,"* they were not *"debt collectors"* based on the Section 1692a(6)(F)(i)'s exception for persons collecting *"incidental to a bona fide fiduciary obligation."* The court concluded that for the exception to apply, the trustee's actions to foreclose must be *"incidental"* to its fiduciary obligation. Because the Defendant' actions were not incidental, but rather *"central"* to its fiduciary obligation, the exemption did not apply. The fact that the Defendant were attorneys, the court concluded, did not change this result.

6) The Court noted that its decision was not intended to make the FDCPA applicable to every law firm engaging in foreclosure proceedings, but that lawyers who *"regularly engage"* in consumer debt collection activity should conform to the FDCPA even if their actions are done in the context of a foreclosure.

7) Several courts have found that attorneys foreclosing on mortgages fell under the requirements of the FDCPA. *Wilson v. Draper & Goldberg*, 443 F.3d 373 (4th Cir. 2006), *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006), *Levin v. Klluever & Platt*, 2003 WL 22757763 (N.D. Ill. Nov. 19, 2003), *Blum v. Fisher & Fisher*, 961 F. Supp. 1218 (N.D. Ill. 1997), *Wehrheim v. Secrest*, 2002 WL 31427515 (S.D. Ind. Oct. 9 2002).

8) All of cases in the paragraph above involved judicial foreclosures.

9) Most courts recognize that there is a provision in the FDCPA, 15 U.S.C. § 1692f(6), which applies to the enforcement of security interests. The Sixth Circuit has recognized that "except for purposes of § 1692f(6), an enforcer of a security interest . . . does not

meet the statutory definition of a debt collector under the FDCPA." *Montgomery v. Huntington Bank,* 346 F.3d 693, 700-01 (6th Cir. 2003).

10) In *Kaltenbach v. Richards,* the Fifth Circuit held that "a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing a security interests." *Kaltenbach v. Richards,* 464 F.3d 524, 529 (5th Cir. 2006). Therefore, some courts engage in a discussion of whether the party at issue qualifies as a debt collector under the general debt collector provision even if the party is only enforcing a security interest.

11) The Plaintiff maintains Defendant **Wendy A. Kitchel** did not, and cannot prove she was enforcing a valid security interest or offer proof of agency. Until Defendant, Wendy A. Kitchel demonstrates agency to enforce a valid security interest she is not an enforcer of a security interest, but rather is a debt collector.

12) Under the FDCPA, a debt collector is defined as:

> *any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.* 15 U.S.C. § 1692a(6).

13) Because the FDCPA, 15 U.S.C.S. § 1692 et seq., does not define the term obtained, a court may look to the FDCPA's legislative history in interpreting it. The Senate Report accompanying the FDCPA explains that the purpose of the FDCPA is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors. S. REP. NO. 95-382 (1977), at 1-2, as reprinted in 1977 U.S.C.C.A.N. 1695, 1696. That report, *inter alia,*

intends the term debt collector to cover all third persons who regularly collect debts for others, S. REP. NO. 95-382, at 3, and states that the primary persons intended to be covered are independent debt collectors.

## DISMISSAL IS INAPPROPRIATE UNDER RULE 12(B)(6)

1) Defendant, in her motion to dismiss under Rule 12 (b)(6), failed to address the issues now before the court. The only issue before the court is: Did the plaintiff plead sufficient facts to support a claim for which recovery can be had?

2) In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Id.* at 654 (quoting In re <u>Plywood Antitrust Litig.,</u> 655 F.2d 627, 641 (5th Cir. 1981).

3) On a motion to dismiss, the Court must accept all the factual allegations from Plaintiff as true, and draw all reasonable inferences in favor of the plaintiff.

4) The Plaintiff also cites 'Twombly' as the Defendant did in her Motion to Dismiss. To survive a motion to dismiss a plaintiff need to plead "only facts to state a claim for relief that is plausible on its face." (<u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 570 (2007). A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory. (<u>Balistreri v. Pacific Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).)

5) A complaint must "only give the defendant fair notice of what plaintiff's claim and the grounds of which it rests". (Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. at 563.)

6) In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed, R. Civ.P. 8(a)(2). The Supreme Court restated the federal pleading requirements of Rule 8(a) in *Bell Atlantic Corp. v. Twombly*, U.S., 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Erickson v. Pardus*. U.S., 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007). *In Bell Atlantic*, the Court explained:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitle[tnent] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atlantic*, 127 S. Ct. at 1964.65 (citations omitted). According to the Court, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 n.3. *Erickson* stated that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 127 S. Ct. at 2200 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)); see also *Tellabs, Inc. v. Makor Issues &.Rights. Ltd*, U.S_ 127 S. Ct. 2499, 2507, 168 L.Ed.2d 179 (2007) ("*Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice . . . .'*").

7) The Plaintiff states as fact that he submitted requests for validation to the Defendant wherein Defendant they had a duty to address Plaintiffs requests.

8) Defendant wrongly claim that Plaintiff can prove no set of facts that would amount to a claim.

9) If the Defendant was speaking with candor to the court, she certainly could have provided documentation demonstrating she lawfully responded to the Plaintiff's requests for validation.

10) Plaintiff did made claims upon which recovery can be had.

11) The Defendant erroneously fails to acknowledge the Plaintiff's suit is not about foreclosure, but rather failure to validate the debt while foreclosing due to a lack of verifiable agency for an alleged plaintiff.

12) Additionally in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court stated:

> *"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Id., at 570, 127 S.Ct. 1955.* ***A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*** *Id., at 556, 127 S.Ct. 1955." Id. at 1949. (Emphasis added.)*

The *Ashcroft* Court further stated:

> *"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a* ***context-specific task that requires the reviewing court to draw on its judicial experience and common sense.*** *490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." Id. at 1950. (Emphasis added.)*

13) The jurisdictional challenges raised before the court is - does the plaintiff lack subject matter jurisdiction? On a motion to dismiss, the Court must accept all the factual allegations from Plaintiff as true, and draw all reasonable inferences in favor of the plaintiff.

14) In considering a motion to dismiss for lack of subject matter jurisdiction, a court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiffs favor." *United Transp. Union v. Gateway W Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

## DEFENDANT' PLEADING UNRESPONSIVE TO PLAINTIFF'S COMPLAINT

1) Plaintiff raised issues and allegations of violations of the FDCPA which the Defendant did not address. Rather counsel merely cites F.R.C.P. 12 (B)(6) as an escape hatch to extricate herself without addressing 'why' or 'how' she is immune to the Act.

2) The Defendant having acknowledged Plaintiff's allegations is cognizant of such, satisfying the requirements of notice pleading. Plaintiff is anxious to engage in discovery to ascertain 'why' the Defendant do not have comply with the FDCPA when it comes to herself or others similarly situated.

3) Plaintiff claims Defendant Wendy A. Kitchel, as an attorney had a personal and professional duty to validate the claims of her client, just as the plethora of robo-signers had a duty to 'self and society' to question their authority and agency to sign as 'Linda Green' on countless documents.

4) In her motion to dismiss, the Defendant shifts the focus of Plaintiff's complaint from that of failure to validate to phantom issues. The Defendant did not validate because she could not validate as the Plaintiff has alleged. The Defendant cannot prove agency to

    enforce a valid and complete security instrument and its evolution from inception to collection.

5) Just because a State foreclosure action 'is or was' in play does not disprove Plaintiff's claims in this action. The State Court could not address the FDCPA claims now raised by Plaintiff.

## NOTICE PLEADING STANDARDS AND PRO SE COMPLAINTS

1) Courts must construe Pro se pleadings liberally in a plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972) (Courts must construe the complaint with great deference to a pro se party); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

2) "[Federal Rule of Civil Procedure 8] establishes a system of notice pleading," and a claim may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

3) Viewed in the liberal light mandated by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the plaintiff has presented triable issues to this court.

## HOUSEKEEPING

1) Although not directly addressed by Defendant, and as a matter of housekeeping, Plaintiff acknowledges his Complaint's prayer errantly seeks relief related to the State foreclosure,

when in actuality; the Plaintiff seeks actual, statutory, and punitive damages from the named Defendant. Plaintiff seeks to substitute the following to correct his prayer.

*Plaintiff prays for judgment against the Defendant for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to the FDCPA and RESPA and other relief as the Court deems just and proper.*

**Wherefore,** Plaintiff respectfully moves this Honorable Forum to deny Defendant's Motion to Dismiss based on F.R.C.P. 12(b)(6) setting this matter for discovery and trial beginning with a F.R.C.P. 16 preliminary pretrial conference.

Or, in the alternative, the Plaintiff pursuant to Fed.R.Civ.P. 12(e) respectfully moves this Honorable Court to let him amend his complaint to provide a more definite statement of facts and claims upon which relief can be based.

Respectfully prepared and submitted this 5th day of November 2011 by,

_____
Charles M Forgey
56729 Summit Park Drive
Elkhart, Indiana 46516

# VERIFICATION

I, Charles M Forgey, do affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

_____
Charles M Forgey
56729 Summit Park Drive
Elkhart, Indiana 46516

**State of Indiana**              )
                                  ) ss
County of **ELKHART**             )

BEFORE ME personally appeared Charles M Forgey, who, affirmed the foregoing and was identified in accordance with Indiana law, and executed the foregoing in my presence this 5th day of November, 2011.

_____
Notary Public

David L. Crooks
Notary Public - The State of Indiana
Comm #563238
Elkhart County
Commission Expires October 18, 2012

[Seal]

My commission expires: __10-18-12__

## CERTIFICATE OF SERVICE

I, **Charles M Forgey**, do affirm that I have served a signed copy of the foregoing by way of certified mail on the 5th day of November 2011 to the following designated below.

Office of the Clerk
United States District Court
204 S Main St
South Bend, IN 46601

HUNT, SUEDHOFF, KALAMAROS, LLP
Philip E. Kalamaros                                         Counsel for Defendant
301 State Street, 2nd Floor - P.O. Box 46
St. Joseph, MI 49085

_____
Charles M Forgey
56729 Summit Park Drive
Elkhart, Indiana 46516