UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES M. FORGEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cv-00341-JD |
| | ) |
| WENDY A. KITCHEL, and | ) |
| DOES 1 through 10, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Now before the Court is Defendant Wendy Kitchel's October 19, 2011, Motion to Dismiss or in the Alternative Notice of More Definite Statement [DE 10], and requisite *pro se* litigant notice filed consistent with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) [DE 9]. On November 10, 2011, Plaintiff Charles Forgey, proceeding *pro se*, responded to the request for dismissal [DE 13], to which Kitchel replied [DE 12]. Also pending is Forgey's Motion for a Temporary Injunction [DE 2].

For the reasons that follow, Kitchel's Motion to Dismiss is GRANTED [DE 10], Forgey's Motion for a Temporary Injunction is DENIED WITH LEAVE TO RE-FILE [DE 2], and Forgey has until April 30, 2012 to file an amended complaint which establishes subject matter jurisdiction, otherwise judgment will be entered against Forgey and this case will be terminated.

**I.  BACKGROUND**

On December 30, 2009, a Decree of Foreclosure was issued against Forgey and others by the Elkhart Superior Court in Elkhart County, Indiana in case 20D01-0902-MF-68, wherein the state court determined that Forgey was in default on his mortgage held by the plaintiff, Deutsche

Bank National Trust Company [DE 10-1 at 3].  The Elkhart Superior Court held that proper notice was served upon defendants and that Deutsche Bank was entitled to recover the entire mortgage amount, plus interest and other costs [DE 10-1].  Therefore, the Elkhart Superior Court entered a decree of foreclosure and ordered the Sheriff of Elkhart County to sell Forgey's home. *Id*.  During the foreclosure proceedings, Deutsche Bank was represented by Attorney Wendy Kitchel, and Forgey was represented by Attorney James McCaslin. *Id*. at 1-2.

On August 29, 2011, Forgey commenced the present action by filing a *pro se* Complaint against Wendy Kitchel and Does 1–10 (collectively "defendants") [DE 1], and Forgey sought a "temporary injunction" to have this Court enjoin the sheriff's sale of his home scheduled to take place on August 31, 2011 [DE 2].  The next day the Court denied Forgey's request because he did not allege a sufficient basis to issue a temporary restraining order without notice to the defendants [DE 5].  The Court indicated that if it was deemed necessary, further briefing would be ordered on Forgey's apparent request for a preliminary injunction after proper service was made upon the defendants. *Id*.

Forgey's Complaint alleges that Kitchel, in her capacity as one of the attorneys representing Deutsche Bank in the state foreclosure proceeding, violated the Fair Debt Collection Practices Act ("FDCPA"), committed unidentified constitutional rights violations and Uniform Commercial Code ("UCC") violations, intentionally or negligently inflicted emotional distress, and engaged in criminal and civil fraud by making Forgey believe that he was under the obligation to forfeit his property [DE 1 ].  Forgey believes that in foreclosing upon his property the defendants acted as debt collectors and falsely represented debt which was not owed by Forgey to the defendants. *Id*.  Specifically, Forgey alleges that Kitchel (and unknown others)

failed to verify that the debt was valid before attempting to collect it, and as such, Forgey demands proof that he entered into a contract, proof that the holder of the mortgage was in fact the "true holder of said debt instrument" (or "lien document"), and proof that Kitchel was the "agent" for the holder of the debt. *Id*. at 6-9. Forgey seeks relief in the form of quiet title to property, disgorgement of all amounts wrongfully acquired by the defendants, three times the amount that defendants intended to defraud Forgey (a sum equal to $1,210,887.69), pain and suffering due to extreme mental anguish, pre- and post-judgment interest, attorney's fees and costs, and such other relief as the Court deems just and fair. *Id*. at 12. Notably, Forgey's Complaint is notarized by David L. Crooks.[1]

Kitchel moves to dismiss Forgey's Complaint under Rule 12(b)(1) and (b)(6), or in the alternative, seeks a more definite statement of the facts consistent with Rule 12(e) [DE 10]. Kitchel's memorandum in support and reply brief center on the arguments that claim preclusion and the *Rooker-Feldman* doctrine require this Court to dismiss Forgey's Complaint under Rule 12(b)(1) [DE 11, 12]. Kitchel also argues that Forgey's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Id*. Forgey responds and reiterates the allegations made in his Complaint [DE 13].

The Court first considers whether the *Rooker-Feldman* doctrine applies because without jurisdiction, the Court does not have the power to address the merits of the complaint, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007), or affirmative

---

[1]David L. Crooks sought virtually identical relief in this Court relative to his state foreclosure action. *See Crooks v. Household Finance Corp. III, et al.*, case no. 3:11-cv-221-RLM. In *Crooks*, an order issued requiring Mr. Crooks to show cause for why the Court should not impose sanctions for his re-alleging that jurisdiction existed on the basis of his state foreclosure action, when the Court had previously determined that claims concerning his state foreclosure proceeding and judgment failed to establish subject matter jurisdiction [3:11-cv-221, DE 42].

defenses. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004) (citing *GASH Assoc. v. Vill. of Rosemong, Ill.*, 995 F.2d 726 (7th Cir. 1993) (explaining that preclusion in federal litigation following a judgment in state court depends on the Full Faith and Credit Statute, 28 U.S.C. § 1738; whereas, the *Rooker-Feldman* doctrine, by contrast, has nothing to do with  § 1738 but rests on the principle that district courts have only original jurisdiction, and that full appellate jurisdiction over state court judgments in civil cases lies in the Supreme Court of the United States)).

## II.  STANDARD OF REVIEW

Rule 12(b)(1) authorizes dismissal of claims over which the court lacks subject matter jurisdiction.  In analyzing a motion to dismiss, the court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted).  The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it—here, Forgey. *Muscarello v. Ogle County Bd. Of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

## III.  DISCUSSION

**A.     Defendant's Motion to Dismiss and the *Rooker-Feldman* Doctrine**

Kitchel argues that the Court lacks jurisdiction to consider the claims against her because Forgey is attempting to re-litigate a matter already settled by a state court.

The *Rooker-Feldman* doctrine "is a rule of federal jurisdiction," *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004), which "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (citations omitted). *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

In its most straight-forward presentment, the *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that his injury was caused by a state court judgment. *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Long*, 182 F.3d at 554; *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998); *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir. 1996)).  The *Rooker-Feldman* doctrine, however, is not limited to just those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal jurisdiction over claims "inextricably intertwined" with a state court determination, *Remer*, 205 F.3d at 996 (citing *Feldman*, 460 U.S. at 483-84 n. 16; *Long*, 182 F.3d at 554; *Centres, Inc.*, 148 F.3d at 702), so long as the plaintiff had a reasonable opportunity to present the claims in state court. *Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286 (7th Cir. 2007).  Although it can be difficult to discern which claims are and which claims are not "inextricably intertwined" with a state

judgment, the crucial point is whether the district court is in essence being called upon to review the state-court decision. *Remer*, 205 F.3d at 996 (citations omitted). The pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. *Id.* (other citations omitted).

The Court agrees with Forgey that allegations made in a *pro se* complaint are held to a less stringent standard, with the primary goal being to give *pro se* filings fair and meaningful consideration. *Philos Techn., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989)). Keeping this in mind, the Court considers Forgey's filings.

Forgey makes the blanket assertion that this lawsuit is "not remotely connected to his foreclosure, which is a separate State matter" and he is not seeking to prevent the "State Court foreclosure" [DE 13 at 1-2]; however, the allegations in his Complaint suggest otherwise—even with liberal construction of the claims and drawing reasonable inferences in his favor. Specifically, Forgey's Complaint focuses on the mortgage loan documents that he signed with respect to his residence located at 56729 Summit Park Drive, Elkhart, Indiana 46516, and the resulting foreclosure proceedings in Elkhart Superior Court. *Compare* DE 1 at 1 *with* DE 10-1 at 4. Forgey's allegations in this lawsuit rest on the argument that he never entered into a contract agreement with the defendants which thereby authorized the defendants to foreclose upon his property [DE 1 at 4 ]. Therefore, Forgey demands proof of the contract which demonstrates that he in fact owed the mortgage debt to the defendants and proof that the defendants were the true holders of the debt instrument or were the true agents for the "bona fide holder of a document

establishing a lien against real property owned by Plaintiff." [DE 1 ¶¶ 18-29]. Forgey further demands an itemization of the charges that comprised the total amount of the alleged debt [DE 1 ¶ 29], and asserts that defendants committed overshadowing under 15 U.S.C. § 1692(g) by failing to disclose his right to dispute the debt [DE 1 ¶¶ 34-36]. Forgey claims that defendants' threats to seize his real property and misleading him into believing that he was under an obligation to forfeit his property constitutes fraud and caused him severe emotional distress [DE 1 ¶¶ 37-41]. Forgey seeks relief in the form of quiet title to the property and other damages associated with the defendants alleged wrongful taking of his property [DE 1 at 12].

In response to Kitchel's request for dismissal, Forgey states[2] that Kitchel "is unable to prove agency for either an alleged principal; a viable or valid holder of a note; or an investor, and as such, [s]he is not a protected attorney enforcing a security instrument; rather a debt collector having attempted to collect an unvalidated [sic] or false debt." [DE 13 at 2]. He continues, "[u]ntil the Defendant proves agency spanning the entire chain of interested parties and the evolution of the security instruments, her actions are rogue at best and she is without defense for collection of a false or mischaracterized debt which has been misrepresented as to its legal status." *Id.* Forgey repeats "[u]ntil Defendant, Wendy A. Kitchel, demonstrates agency to enforce a valid security interest she is not an enforcer of a security interest, but rather is a debt collector." [DE 13 at 5]. Lastly, he argues that this lawsuit "is not about foreclosure, but rather failure to validate the debt while foreclosing due to a lack of verifiable agency for an alleged plaintiff." [DE 13 at 8].

---

[2]*See Crawford v. Countrywide Home Loans, Inc*., 647 F.3d 642, 645, 646 (7th Cir. 2011) ("[t]o determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff.").

Although Forgey argues that his claims fall within the purview of the FDCPA and other laws, he does not explain or provide facts upon which the Court could draw the inference that his claims were not already decided by the state court or are not inextricably intertwined with its foreclosure judgment. Rather, Forgey's Complaint and response to dismissal confirm that despite couching his lawsuit in terms of FDCPA, UCC, constitutional, and various state law violations, Forgey is really contesting the state court foreclosure judgment and resulting sheriff's sale. Essentially, Forgey wants this Court to invalidate the Elkhart Superior Court's determination that Deutsche Bank held a mortgage on Forgey's home, that Forgey was in default on his mortgage, that proper notice was given relative to Deutsche Bank's entitlement to recover the entire mortgage amount, interest, and other costs, and that it was appropriate to enter the decree of foreclosure and order a sheriff's sale of Forgey's home.

Bearing in mind the "less stringent" standard required for *pro se* plaintiff pleadings, a review of Forgey's allegations against the defendants shows that Forgey has not alleged or set forth facts which would suggest that his federal lawsuit arises under circumstances separate and apart from the foreclosure action. The injury Forgey claims, that is, the foreclosure of his mortgage and resulting sale of his property, was effectuated by the state court judgment. The recovery that he seeks, that is, the recovery of his home and damages due to the loss of his home, were also effectuated by the state court judgment. During the course of the foreclosure proceedings, Forgey was represented by counsel and had ample opportunity to challenge the mortgage loan and resulting lien and to raise any objections and defenses he had relative to the foreclosure action in Elkhart Superior Court. While the *Rooker-Feldman* doctrine does not "prevent state-court losers from presenting independent claims to a federal district court," the

8

relief that Forgey seeks cannot be granted "without necessarily impugning the state court's judgment." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645, 647 (7th Cir. 2011). Because the claims advanced by Forgey are belated defenses to the foreclosure complaint or are claims for injuries caused by his litigation adversaries during the state court foreclosure proceedings, which Forgey had reasonable opportunity to raise, they are barred by the *Rooker-Feldman* doctrine.

Accordingly, Kitchel's Motion to Dismiss is GRANTED, and consistent with Rule 12(b)(1), Forgey's Complaint is DISMISSED for want of subject matter jurisdiction. *See Frederiksen*, 384 F.3d at 439 ("We now hold that the right disposition, when the *Rooker-Feldman* doctrine applies, is an order under Fed. R. Civ. P. 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction.").

Noting Forgey's request to amend his Complaint should the Court reach this resolution [DE 13 at 10-11], and the fact that Kitchel did not specifically rely on the *Rooker-Feldman* doctrine until after Forgey filed his response [DE 12], the Court will afford Forgey an opportunity to amend his Complaint.  However, the Court notifies Forgey that sanctions could be imposed should he attempt to pursue claims that have already been decided by this Court or the Elkhart Superior Court in relation to his foreclosure action on issues relating to the validity of his mortgage loan transaction and resulting foreclosure proceeding, as discussed herein.  *See* Fed. R. Civ. P. 11(b) ("by presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the party's pleading is not presented for "any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation," is "warranted by existing law," and that the factual contentions "have evidentiary support."); Fed. R. Civ. P. 11(c) (authorizing the court to impose sanctions for a violation of Rule 11(b) after notice and a reasonable opportunity to respond).

If no amended complaint is filed by April 30, 2012, then judgment will be entered against Forgey, and this case will be terminated.

Finally, the Court notes for the benefit of this *pro se* plaintiff that Indiana allows state courts to relieve a party from a judgment for enumerated reasons which would justify relief from the operation of the judgment. Ind. Trial Rule 60(B).

**B.     Plaintiff's Motion for an Injunction**

Relative to Forgey's request for an apparent preliminary injunction [DE 2], the motion is DENIED WITH LEAVE TO RE-FILE, for the reasons that follow.

Per Forgey, his request for a preliminary injunction is premised on "Defendant[s] [having] initiated a non-judicial foreclosure on the property which is the object of the instant [federal] suit," whereby Kitchel "failed to show proof that Defendant had standing to take said action," and yet "Defendant petitioned the Elkhart Superior Court of Indiana, wherein said court entered an order for Sheriff's Sale against [Forgey]." [DE 2 at 1-2].  The Court's denial of the preliminary injunction is proper without further briefing or a hearing, given Forgey's failure to establish this Court's jurisdiction on his claims, which were already decided by a state court tribunal.  This fact necessarily means that Forgey has not shown a reasonable likelihood of success on the merits; lack of an adequate remedy at law; that he will suffer irreparable harm absent injunctive relief and that such harm outweighs the harm to the non-moving party if an injunction is granted; and/or that granting an injunction will not harm the public interest. *Joelner*

*v. Village of Washington Park, Ill.*, 378 F. 3d 613, 619 (7th Cir. 2004). Therefore, no preliminary injunction will issue at this time. In the event that a proper complaint is filed and subject matter jurisdiction is established, Forgey may then seek such relief.

### IV. CONCLUSION

Based on the foregoing, Defendant Kitchel's Motion to Dismiss is GRANTED, and consistent with Rule 12(b)(1), Plaintiff Forgey's Complaint is DISMISSED for lack of subject matter jurisdiction. The Court affords Forgey until **April 30, 2012** to file an amended complaint, and if no amended complaint is filed by that date, then judgment will be entered against Charles Forgey and this case will be terminated. Forgey's request for a preliminary injunction [DE 2] is DENIED WITH LEAVE TO RE-FILE in the event that a proper complaint is filed which establishes subject matter jurisdiction.

SO ORDERED.

ENTERED: March 23, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court