UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES M. FORGEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:11-CV-341-JD |
| ) | |
| WENDY A. KITCHEL, and ) | |
| DOES 1 through 10, ) | |
| ) | |
| Defendants. ) | |

OPINION and ORDER

Plaintiff Charles Forgey, proceeding *pro se*, has filed an amended complaint [DE 16] following the March 23, 2012 order dismissing his first complaint for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and allowing him an opportunity to file an amended complaint [DE 15]. Now before the Court is Defendant Wendy Kitchel's motion to dismiss [DE 17, 18], and requisite *pro se* litigant notice filed consistent with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) [DE 19]. Plaintiff Charles Forgey did not respond to the motion.

For the reasons that follow, Kitchel's motion to dismiss is GRANTED [DE 17] and the amended complaint is DISMISSED for want of subject matter jurisdiction. Even if the Court had subject matter jurisdiction, Forgey's claims fail to state a claim upon which relief can be granted.

I.  STANDARD OF REVIEW

**Rule 12(b)(1)**

Rule 12(b)(1) authorizes dismissal of claims over which the court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank*

*Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it—here, Forgey. *Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

**Rule 12(b)(6)**

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Generally speaking, when considering a Rule 12(b)(6) motion to dismiss, courts must inquire whether the complaint satisfies the "notice-pleading" standard. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citations omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citation omitted).

In recent years, the Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*). First, pleadings consisting of no more than mere conclusions are not entitled

2

to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, if there are well-pleaded factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chi.*, 671 F.3d. 611, 615 (7th Cir. 2011) (citing *Iqbal* and *Twombly*). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citations omitted). However, a plaintiff's claim need only be plausible, not probable. *Indep. Tr. Corp.*, 665 F.3d at 935 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough fact to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *see Iqbal*, 556 U.S. at 679 (citation omitted), and the Court will assess Forgey's claims accordingly.

Rule 10(c) describes the type of materials that can be considered to be part of a pleading:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

3

Fed. R. Civ. P. 10(c). This means that a court can consider for purposes of a Rule 12 motion, documents that are attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claims. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *see Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.") (citations omitted).

## II. BACKGROUND

According to the underlying state court records,[1] on February 5, 2009, Deutsche Bank National Trust Company (as substituted on November 10, 2009) filed a foreclosure complaint, case 20D01-0902-MF-68, against Forgey in Elkhart Superior Court located in Elkhart County,

---

[1] Consistent with Fed. R. Evid. 201, the Court takes judicial notice of the state court foreclosure records as requested by Kitchel in her memorandum of law in support of dismissal, to which Forgey had notice [DE 18 at 1-2]. It is undisputed that Defendants were successful at receiving a foreclosure judgment on Forgey's home and the accuracy of the documents filed during the foreclosure action cannot reasonably be questioned. *See* Fed. R. Evid. 201; *Virnich v. Vorwald*, 664 F.3d 206 (7th Cir. 2011) (taking judicial notice of the relevant state court proceedings in affirming the district court's dismissal of the complaint under Rule 12); *see also Oney v. Nennig,* 142 F.3d 440 (7th Cir. 1998) (Table) (holding that certain documents offered by the defendants were all matters of public record and plaintiff did not challenge the documents' authenticity or accuracy, thus, the district court properly took judicial notice of them) (citing Fed. R. Evid. 201; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997) (holding that a court may take judicial notice of an adjudicative fact, including court documents from state proceedings, that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned')). Moreover, there exists a narrow exception to the Rule 12(d) instructions that permit a district court to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Doss v. Clearwater Title Co.,* 551 F.3d 634, 640 (7th Cir. 2008)*; see also Ennenga v. Starns,* 677 F.3d 766, 774 (7th Cir. 2012) ("taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment . . . [h]ere, the [district] court took judicial notice of the dates on which certain actions were taken or were required to be taken in the earlier state-court litigation—facts readily ascertainable from the public court record and not subject to reasonable dispute.") (citations and internal citations omitted).

Indiana. On February 17, 2009, the summons for Forgey was returned as having been served. Forgey's attorney entered his appearance on February 26, 2009 and filed an answer to the complaint on May 7, 2009. On December 30, 2009, a Decree of Foreclosure was issued against Forgey wherein the state court determined that Forgey was in default on his mortgage held by the plaintiff. The Elkhart Superior Court held that Deutsche Bank was entitled to recover the entire mortgage amount, plus interest and other costs. Therefore, the Elkhart Superior Court entered a decree of foreclosure and ordered the Sheriff of Elkhart County to sell Forgey's home. On August 31, 2011, Forgey's home was sold at a sheriff's sale. During the foreclosure proceedings, Deutsche Bank was represented by Attorney Wendy Kitchel.

On August 29, 2011, Forgey commenced the present action by filing a *pro se* complaint against Wendy Kitchel and Does 1–10 (collectively "Defendants") [DE 1]. On the same day, Forgey filed a notice with the state court indicating that he had filed this federal cause of action (specifically identified therein as case 3:11-CV-341) because "foreclosing Attorney Wendy A. Kitchel harmed the Owner's position as title holder, by foreclosing on his property;" third parties committed "unlawful conversion of Charles Forgey's real and personal property and theft of Charles Forgey's personal property by deception and unlawful foreclosure on Charles Forgey'[s] real property;" and "any interest [the third parties] may acquire in the property will be subject to the outcome of the Federal action." Forgey also filed a notice of removal with the state court indicating in relevant part that "[p]laintiffs lacked authority to foreclose on Defendant and, are vicariously liable for the actions of others named in the above referenced federal action."

On March 23, 2012, the undersigned dismissed Forgey's federal complaint with leave to amend because there was no subject matter jurisdiction under the *Rooker-Feldman* doctrine[2] [DE 15]. The Court warned Forgey that should he amend his complaint he should not attempt to pursue claims that have already been decided by this Court or the Elkhart Superior Court in relation to his foreclosure action on issues relating to the validity of his mortgage loan transaction and resulting foreclosure proceeding. *Id*.

Forgey proceeded to file an amended complaint [DE 16]. Unlike the original *pro se* complaint [DE 1], Forgey's amended complaint alleges only violations under the Fair Debt Collection Practices Act ("FDCPA")[3] [DE 16 at 6-12]. In particular, Forgey claims that Kitchel, in her capacity as one of the attorneys representing the creditor in the state foreclosure proceeding, violated the FDCPA by preparing and sending fraudulent demands for payment without validating the debt [DE 16 at 4-12]. Forgey also maintains that Kitchel (and unknown others) violated the FDCPA by failing to provide written validation or the legal status of the debt; failing to demonstrate that they were not making false and misleading representations in

---

[2]*See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[3]Even employing a liberal construction of Forgey's *pro se* amended complaint, it is clear that while Forgey characterizes Defendants actions as a fraudulent scheme to collect a debt not owed [DE 16 ¶¶ 26, 27, 29], Forgey is not asserting an independent claim for fraud. Instead, he explicitly asserts that "[t]his is an action for actual and statutory damages brought for violations of the Fair Debt Collection Practices Act," and he clearly labels *each* of the five numbered counts of the amended complaint as claims brought pursuant to the FDCPA [DE 16]. Nevertheless, if Forgey was attempting to claim fraud, his bald assertions, including that Defendants "have perpetrated, and continue[] to perpetrate a fraud" to collect an invalid debt and "subjected Plaintiff to a fraud scheme to collect monies not owed," fail to meet the particularity requirement of Fed. R. Civ. P. 9(b). *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir. 2010) (citing *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993) (stating that particularity requires the party to specify the "who, what, when, where, and how" of the alleged fraudulent act)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (noting that the circumstances of fraud include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff).

communications or in the nature of the debt; misrepresenting the legal status and amount of the alleged debt and the character of the debt as an obligation to the proper creditor; failing to disclose the identity of the creditor and its status as a debt collector; failing to itemize various charges and include a total amount owed; continuing collection activities after receiving notice of dispute and without validating the debt; using unlawful threats, false representations, and deceptive means to collect a debt; and, communicating credit information "which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" [DE 16]. Forgey alleges that he is a consumer under the FDCPA and each defendant is a debt collector within the meaning of the FDCPA. *Id*. Forgey believes that his five FDCPA claims should result in an award of actual and statutory damages, punitive damages, and attorney's fees and costs [DE 16 ¶¶ 8, 38, 45, 50, 59, 69].

All of Forgey's FDCPA claims allege that Defendants failed to provide certain information in a validation notice after the debt was disputed [DE 16 at 6-12]. The allegations in Forgey's amended complaint rest on the fact that on August 30, 2010, Forgey sent a letter to Deutsche Bank regarding the December 30, 2009 foreclosure of his home located at 56729 Summit Park Drive in Elkhart, Indiana [DE 16 ¶ 9; DE 16-1]. In relevant part, the letter stated as follows:

> August 30, 2010 . . .
>
> Dear Sirs:
> You are foreclosing on me, which indicates I owe you or a client some money.
> As an untrusting individual, I fear you are collecting for an imaginary client . . .
> **I insist that you prove that I owe you or your client this purported debt**. In order to prove the debt, I must have a sworn statement, signed before notary public, under penalty of perjury by a person having:

7

> 1. Firsthand knowledge of the indebtedness,
> 2. Can state that the reported indebtedness was a legal indebtedness under all applicable state and federal laws, and
> 3. Was not subsequently disputed as a result of returned, faulty, or recalled consumer products, and
> 4. Can swear that this purported debt is not now, nor ever has been part of any tax write off, securitization or insurance claim.
>
> **Please be advised that I am requesting validation and competent evidence that I had a contractual obligation, in which I incurred the original claims associated with this purported debt** . . .

[DE 16-1] (emphasis added). No other facts alleged in the amended complaint suggest (or create an inference) that Forgey ever disputed the debt or requested a validation prior to August 30, 2010—over one year and six months after Forgey was served with the state court complaint for foreclosure and eight months after the judgment of foreclosure was entered. Forgey alleges that after sending this letter, Defendants still did not validate the debt, yet continued to collect the "unvalidated debt" resulting in the successful foreclosure of his home [DE 16 ¶¶ 12, 17]. Forgey asserts that he was harmed by having to pay a debt that was not valid and by being deprived of the consumer protections under the FDCPA. *Id*. at ¶¶ 17, 19.

Kitchel again moves to dismiss Forgey's amended complaint under Rule 12(b)(1) and (b)(6) [DE 17, 18]. Kitchel asserts that dismissal is proper on four grounds: (1) some of Forgey's contentions (although it is not entirely clear which ones) are barred by the one year FDCPA statute of limitations; (2) Forgey's August 30, 2010 letter requesting validation came after the thirty day window to seek validation thereby amounting to no violation of the FDCPA; (3) the claims are barred by the *Rooker-Feldman* doctrine; and (4) any claim for fraud does not meet the particularity requirement of Rule 9(b) [DE 18].

Because the *Rooker-Feldman* doctrine requires this Court to dismiss Forgey's amended complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court does not have the

power to address the merits of the complaint, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007), or affirmative defenses. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004) (citing *GASH Assoc. v. Vill. of Rosemong, Ill.*, 995 F.2d 726 (7th Cir. 1993) (explaining that preclusion in federal litigation following a judgment in state court depends on the Full Faith and Credit Statute, 28 U.S.C. § 1738; whereas, the *Rooker-Feldman* doctrine, by contrast, has nothing to do with § 1738 but rests on the principle that district courts have only original jurisdiction, and that full appellate jurisdiction over state court judgments in civil cases lies in the Supreme Court of the United States)). However, even if the Court were incorrect in ruling that the *Rooker-Feldman* doctrine bars Forgey's claims, the claims would be barred by the FDCPA's limitations periods and would be dismissed because the amended complaint fails to set forth a claim upon which relief can be granted.

### III. DISCUSSION

**Rule 12(b)(1)**

As the Court previously explained, the *Rooker-Feldman* doctrine "is a rule of federal jurisdiction," *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004), which "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (citations omitted). *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court

9

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

In its most straight-forward presentment, the *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that his injury was caused by a state court judgment. *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Long*, 182 F.3d at 554; *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998); *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir. 1996)). The *Rooker-Feldman* doctrine, however, is not limited to just those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal jurisdiction over claims "inextricably intertwined" with a state court determination, *Remer*, 205 F.3d at 996 (citing *Feldman*, 460 U.S. at 483-84 n. 16; *Long*, 182 F.3d at 554; *Centres, Inc.*, 148 F.3d at 702), so long as the plaintiff had a reasonable opportunity to present the claims in state court. *Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286 (7th Cir. 2007). Although it can be difficult to discern which claims are and which claims are not "inextricably intertwined" with a state judgment, the crucial point is whether the district court is in essence being called upon to review the state-court decision. *Remer*, 205 F.3d at 996 (citations omitted). The pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. *Id.* (other citations omitted).

Contrary to Forgey's attempt to cast his amended claims under the FDCPA and insist that the claims are not connected to his foreclosure, it is clear that Forgey is contesting the mortgage loan documents (as being an invalid or non-existent debt) and the fact that the creditor (and its attorney) associated with the state foreclosure action had a legal right to collect on the debt.

10

Forgey makes the blanket assertion that this lawsuit is "an action for actual and statutory damages brought for violations of the Fair Debt Collection Practices Act" [DE 16 at 2]; however, the allegations in his amended complaint suggest otherwise—even with liberal construction of the claims and drawing reasonable inferences in his favor. As with the initial complaint (and consistent with the notice of removal filed by Forgey in the state action), Forgey's amended complaint focuses on the mortgage loan documents that he signed with respect to his residence located at 56729 Summit Park Drive, Elkhart, Indiana 46516, and the resulting foreclosure proceedings in Elkhart Superior Court. Even though Forgey's FDCPA claims do not directly seek to set aside the state court foreclosure judgment, those claims are "inextricably intertwined" with that state court judgment. *Brown v. Bowman,* 668 F.3d 437 (7th Cir. 2012).

Bearing in mind the "less stringent" standard required for *pro se* plaintiff pleadings, a review of Forgey's allegations against the Defendants shows that Forgey has not alleged or set forth facts which would suggest that his federal lawsuit arises under circumstances not inextricably intertwined with the foreclosure action. During the course of the foreclosure proceedings, Forgey was represented by counsel and had ample opportunity to challenge the mortgage loan and resulting lien and to raise any objections and defenses he had relative to the foreclosure action in Elkhart Superior Court.

The Court's application of the *Rooker-Feldman* doctrine herein is consistent with its previous ruling in another *pro se* Plaintiff case wherein virtually identical claims were asserted. *See Crooks v. Household Finance Corp. III, et al.*, No. 3:11-CV-221-RLM, 2012 WL 691638 (N.D. Ind. Mar. 1, 2012). Similar to the plaintiff in *Crooks*, Forgey cannot now re-label his same

foreclosure claims as ones under the FDCPA, and thus, the Court is without subject matter jurisdiction to consider them. *See id.*

**Rule 12(b)(6)**

Even if the Court had subject matter jurisdiction, the Court notes for Forgey's sake that his claims would be dismissed under Rule 12(b)(6).

First, Forgey's amended complaint never explains *when* the Defendants acted contrary to the FDCPA, other than to state that after requesting validation of the debt on August 30, 2010, Defendants continued to collect on the mortgage debt. To the extent Forgey has attempted to assert any FDCPA claims based on collection efforts of the Defendants or events which occurred prior to August 29, 2010 (including alleged failures to provide required FDCPA warnings under 15 U.S.C. § 1692g(a) upon initiating collection of the mortgage debt), the Court agrees with the Defendants that any such claims are barred by the FDCPA's one year statute of limitations, because Forgey did not commence this action until August 29, 2011. *See* 15 U.S.C. § 1692k(d) ("[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs"); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("[t]he FDCPA has a short, one-year statute of limitations").

Second, any remaining FDCPA claims concerning the Defendants collection efforts, even assuming they are within the one year statute of limitations, seemingly rest solely on Forgey's allegation in the amended complaint that on August 30, 2010 he disputed the debt and requested a validation in accordance with the protections afforded by the FDCPA, but Defendants

12

continued collection efforts thereafter. In other words, no facts support an inference that Forgey contested the debt prior to August 30, 2010, even though Forgey had known of the Defendants attempt to collect on the mortgage debt for no less than one and a half years. Thus, any obligation of the Defendants to cease collection of the debt based on Forgey's disputing the debt on August 30 occurred long after the thirty day period prescribed by 15 U.S.C. § 1692(g), and as a result, any such claims are dismissed. *See Bartlett v. Heibl*, 128 F.3d 497, 498 (7th Cir. 1997) (noting that the FDCPA provides that within five days after a debt collector first duns a consumer debtor, the collector must send the debtor written notice containing specified information including the fact that unless the debtor "disputes the validity of the debt" within thirty days the debt collector will assume that the debt is valid, but that if the debtor notifies the collector in writing within thirty days that he is disputing the debt, the debt collector must obtain verification of the debt and cease collection of the debt until such verification or information is mailed to the debtor).

Third and finally, even assuming Forgey's FDCPA claims taken as true, including any claim based on the August 31, 2011 sale of his home, could pass the various hurdles noted herein, none of his claims are sufficient to allege a right to relief under the FDCPA, consistent with Rule 12(b)(6) and the *Iqbal* and *Twombley* standard. All of Forgey's claims in the amended complaint are riddled with conclusory statements and allegations unsupported by facts, and are simply not enough to withstand the standard established by *Twombly/Iqbal*. Forgey's allegations amount to nothing more than his recanting threadbare recitals of the elements, supported by mere conclusory statements.[4] For instance, Forgey's amended complaint alleges that Defendants were

---
[4]To establish a *prima facie* case for violation of the FDCPA, a plaintiff must plead and prove four elements: (1) the plaintiff is any natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) or § 1692c(d) for purposes of a cause of action

collecting on a debt and continued to do so even after Forgey sent a letter requesting validation/disputing the debt on August 30, 2010. Specifically, Defendant Kitchel, as "the agent for the alleged holder of [the debt]", "caused to be prepared and sent to Plaintiff" documents collecting on the debt or "seizing of property from Plaintiff." Defendants were ultimately successful in selling Forgey's home at a sheriff's sale on August 31, 2011. However, *none* of Forgey's allegations indicate *when* the Defendants communicated with him in connection with the debt, nor do they identify the *contents* of those communications in order to support that the provisions of the FDCPA were not followed. Instead, without setting forth any facts particular to the debt collection activities, Forgey makes a host of legal conclusions in his amended complaint as follows:

> (1) Relative to Count I, under 15 U.S.C. § 1692(e) and (f), Forgey claims that Defendant provided "false and misleading information" and engaged in unfair debt collection practices by using "threats of dire consequences." While Forgey mentions the many items allegedly omitted from Defendants' debt collection communications, he does so without specifying when the communications were made by Defendants and without identifying the type of information included in the communications that would support his claim that Defendants engaged in false and misleading/unconscionable measures. In reality, Forgey merely recants

---

under 15 U.S.C. § 1692c (communication in connection with debt collection) or 15 U.S.C. § 1692e(11) (concerning failure to provide the consumer debtor with a "mini-Miranda" warning); (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3) the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C. § 1692a-1692o. *See* 29 COA2d Cause of Action for Violation of the Fair Debt Collection Practices Act [15 U.S.C. §§ 1692-1692o] § 1 (2005). Even assuming Forgey has established the first three elements, he has insufficiently pled any violation of a provision of the FDCPA as discussed herein.

the statutory provisions of 15 U.S.C. § 1692(e) and (f), and baldly asserts that Defendants failed to meet these provisions.

(2) Relative to Count 2, under 15 U.S.C. § 1692(g), Forgey alleges that Defendants continued collection activities without validating the alleged debt. Yet, Forgey never indicates *when* Defendants made their "initial communication" with Forgey in connection with the collection of the debt, such that it would trigger the notice requirements of 15 U.S.C. § 1692(g). *See* 15 U.S.C. § 1692g(d) (noting that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."). Nor does Forgey assert facts showing that once he was in receipt of the unidentified "initial communication," he disputed the debt or requested validation within the thirty day period described in 15 U.S.C. § 1692(a), such that the Defendants were obligated to cease collection of the debt.

(3) Relative to Count III, Forgey simply cites the statutory language of 15 U.S.C. §§ 1692e(2), (4), (5), (8), (10), (11), f(1), and g(b), without asserting a single fact in support of those allegations.

(4) Relative to Count IV, again Forgey alleges violations of 15 U.S.C. § 1692g(a)(1)-(5) without indicating *when* Defendants made their "initial communication" with Forgey in connection with the debt's collection, such that it would trigger the notice requirements of 15 U.S.C. § 1692(g), and again, Forgey merely recants the statutory notice requirements and alleges that Defendants failed to meet them, without identifying the facts of his case that would support such claims.

(5) Relative to Count V, Forgey repeats his alleged violations of 15 U.S.C. § 1692g(a) and (b), again without providing any requisite supporting facts.

Pleadings such as Forgey's, consisting of no more than mere conclusions, are not entitled to the assumption of truth. Moreover, Forgey's allegations do not sufficiently provide fair notice of the claims and their basis to Defendants.

Realizing that a well-pleaded complaint may proceed even if actual proof of those facts is improbable and a recovery is very unlikely, Forgey has failed to satisfy the plausibility standard because he has undoubtedly failed to supply enough facts to raise a reasonable expectation that discovery will yield evidence supporting his allegations. In sum, Forgey's claims for violations of the FDCPA are not supported by factual content that plausibly suggests that Defendants are liable for the misconduct alleged, nor that discovery will yield evidence supporting the allegations. Unlike any claims barred by statutory time limits, claims dismissed for failure to satisfy the plausibility standard are dismissed without prejudice.

The Court notifies Forgey that sanctions could be imposed should he continue to pursue claims without legal support or based on nothing but accusations without factual support. *See* Fed. R. Civ. P. 11(b) ("by presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the party's pleading is not presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," "the claims, defenses, and other legal contentions are warranted **by existing law," and the factual contentions "have evidentiary support."**);

Fed. R. Civ. P. 11(c) (authorizing the court to impose sanctions for a violation of Rule 11(b) after notice and a reasonable opportunity to respond).

## IV.  CONCLUSION

For the reasons set forth above, Defendant Kitchel's motion to dismiss the amended complaint is GRANTED, and consistent with Rule 12(b)(1), Plaintiff Forgey's amended complaint is DISMISSED for lack of subject matter jurisdiction. *See Frederiksen*, 384 F.3d at 439 ("We now hold that the right disposition, when the *Rooker-Feldman* doctrine applies, is an order under Fed. R. Civ. P. 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction."). To the extent any claims survive the *Rooker-Feldman* doctrine, the claims are dismissed under Rule 12(b)(6) as indicated herein.  The Clerk is DIRECTED to enter judgment against Charles Forgey.  In passing, Defendant requested an award of attorneys' fees under 15 U.S.C. § 1692k(a)(3), without further explanation [DE 18 at 15].  The Court affords Defendant until **Monday, January 7, 2013** to support the award of fees.  Failure to make the submission will result in the foreclosure of this issue.

SO ORDERED.

ENTERED: December 7, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court